In The United States District Court
For The Southern District Of Texas
Houston Division

**Michael C. Crair**
   **Plaintiff**

**v.**                     **Civil Action No.** 4:09-cv-2737
                        **JURY**

**LVNV Funding LLC**
**Resurgent Capital Services, LP**
**Capital Management Services, L.P.**
   **Defendants**

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff, Michael C. Crair ("Mr. Crair"), complaining of and against LVNV Funding LLC ("LVNV"), Resurgent Capital Services, LP ("Resurgent"), and Capital Management Services, L.P. ("Capital") and for this cause of action would respectfully state the following:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer alleging that Defendants have violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Texas Debt Collection Act, Tex. Fin. Code § 392.301 et seq. ("TDCA"), and the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41 et seq. ("DTPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendants transact business here and/or the conduct complained of occurred here. Further, Defendant LVNV breached a settlement agreement with Mr. Crair related to litigation that took place in Harris County, Texas which has a choice of law provision for the State of Texas.

**PARTIES**

3.   Plaintiff, Michael Crair, is an individual residing in Guilford, Connecticut.

4.   The Defendant, LVNV Funding LLC, has a registered agent for service of process, Corporation Trust Company, which may be served at Corporation Trust Center 1209 Orange Street, Wilmington DE 19801.

5.   The Defendant, Resurgent Capital Services, LP, has a registered agent for service of process, CT Corporation System, which may be served at 350 North St. Paul St., Dallas TX 75201.

6.   The Defendant, Capital Management Services, L.P., has a registered agent for service of process, The Corporation Trust Company, which may be served at Corporation Trust Center 1209 Orange Street, Wilmington DE 19801.

**THE FACTS AND BACKGROUND**

7.   In August, 2002, Mr. Crair received correspondence dated July 31, 2002 from GE Capital Financial Inc. ("GE") regarding possible fraudulent use of his credit card with Home Depot. Since Mr. Crair never applied for a credit card with Home Depot, he immediately contacted GE to discuss the situation.

8.   When Mr. Crair spoke with the representative from GE he learned that he was the victim of identity theft.

9.   Mr. Crair then received correspondence from GE dated August 20, 2002 informing him that the credit account was closed.

10.   In October, 2002, Mr. Crair received correspondence from GE informing him that the investigation was complete. This correspondence informed Mr. Crair that the account was closed and all charges had been removed.

11.     On October 17, 2005, LVNV filed suit against Mr. Crair in the 61st Judicial District Court of Harris County, Texas to collect a debt that he did not incur nor did he owe. Mr. Crair filed a counterclaim against LVNV alleging violations of federal and state debt collection laws.

12.     In May 2006, Mr. Crair reached a settlement with LVNV, disposing of the litigation. As part of the settlement agreement, Mr. Crair received a letter dated April 10, 2006 from Defendant Resurgent regarding original account number C92H81XXXXX335. The letter stated, "To the best of our knowledge, please be advised that Michael Crair does not owe money to LVNV Funding LLC, or it's (sic) affiliates, relating to the account numbers noted above, including any money which may have previously been owed to Home Depot, and/or GE Capital."

13.     Mr. Crair thought that was the last he would hear from LVNV and/or Resurgent. He was wrong.

14.     In November, 2008, Mr. Crair received correspondence from Defendant Capital dated November 21, 2008. The caption stated:

> Previous Creditor: GE Capital-THE HOME DEPOT CRC
> Current Creditor: LVNV Funding LLC
> Account #:C92XXXXX335 ("X"s added for redaction purposes)
> Balance: $11,588.15

15.     The letter went on to state, "[t]his company has been engaged by Resurgent Capital Services, LP, the servicer of the account, to resolve your delinquent debt of $11,588.15. Please make your check or money order payable to Capital Management Services, LP and send to the above address."

16.     The letter shocked, surprised and upset Mr. Crair. Six years had passed since his identity was stolen and he was still getting harassed for a debt that he did not owe.

**CAUSE OF ACTION NUMBER ONE: VIOLATIONS OF 15 U.S.C. § 1692 et seq. by LVNV**

17. Mr. Crair adopts and incorporates by reference each of the paragraphs as contained in the Facts and Background section above (Paragraphs 7 – 16) as if each stated fact therein had been fully reprinted here in support of this first cause of action.

18. Mr. Crair is a consumer as that term is defined by 15 U.S.C. § 1692a (3).

19. Defendant LVNV is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6).

20. 15 U.S.C. § 1692e (2) proscribes debt collectors from falsely representing the character, amount, or legal status of any debt.  Defendant LVNV violated this section by representing that Mr. Crair owed money to it when he did not.

21. Violations of the FDCPA entitle Mr. Crair, to statutory damages of $1,000.00 as well as actual damages, costs and attorneys fees.

**CAUSE OF ACTION NUMBER TWO: VIOLATIONS OF 15 U.S.C. § 1692 et seq. by Resurgent**

22. Mr. Crair adopts and incorporates by reference each of the paragraphs as contained in the Facts and Background section above (Paragraphs 7 – 16) as if each stated fact therein had been fully reprinted here to support this second cause of action.

23. Mr. Crair is a consumer as that term is defined by 15 U.S.C. § 1692a (3).

24. Defendant Resurgent is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6).

25. 15 U.S.C. § 1692e (2) proscribes debt collectors from falsely representing the character, amount, or legal status of any debt.  Defendant Resurgent violated this section by representing that Mr. Crair owed money to LVNV when he did not.

26. Violations of the FDCPA entitle Mr. Crair, to statutory damages of $1,000.00 as well as actual damages, costs and attorneys fees.

**CAUSE OF ACTION NUMBER THREE: VIOLATIONS OF 15 U.S.C. § 1692 et seq. by Capital**

27. Mr. Crair adopts and incorporates by reference each of the paragraphs as contained in the Facts and Background section above (Paragraphs 7 – 16) as if each stated fact therein had been fully reprinted here in support of this third cause of action.

28. Mr. Crair is a consumer as that term is defined by 15 U.S.C. § 1692a (3).

29. Defendant Captial is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6).

30. 15 U.S.C. § 1692e (2) proscribes debt collectors from falsely representing the character, amount, or legal status of any debt. Defendant Capital violated this section by representing that Mr. Crair owed money to LVNV when he did not.

31. Violations of the FDCPA entitle Mr. Crair, to statutory damages of $1,000.00 as well as actual damages, costs and attorneys fees.

**CAUSE OF ACTION NUMBER FOUR: VIOLATIONS OF TEX. FIN. CODE § 392 et seq. by LVNV**

32. Mr. Crair adopts and incorporates by reference each of the paragraphs as contained in the Facts and Background section above (Paragraphs 7 – 16) as if each stated fact therein had been fully reprinted here in support of this fourth cause of action.

33. Mr. Crair is a "consumer" as that term is defined by Texas Finance Code §392.001 (1).

34. Defendant LVNV is a "debt collector" as that term is defined by Texas Finance Code §392.001 (6).

35. TEX. FIN. CODE § 392.304 (a)(8) prohibits misrepresenting the character, amount, or legal status of a consumer debt, or misrepresenting the consumer debt's status in a judicial proceeding. Defendant LVNV violated this section by representing that Mr. Crair owed money to it when he did not.

36. Violations of Texas Finance Code § 392.001 et seq. entitle Mr. Crair to recover actual damages and attorney fees.

**CAUSE OF ACTION NUMBER FIVE: VIOLATIONS OF TEX. FIN. CODE § 392 et seq. by Resurgent**

37. Mr. Crair adopts and incorporates by reference each of the paragraphs as contained in the Facts and Background section above (Paragraphs 7 – 16) as if each stated fact therein had been fully reprinted here in support of this fifth cause of action.

38. Mr. Crair is a "consumer" as that term is defined by Texas Finance Code §392.001 (1).

39. Defendant Resurgent is a "debt collector" as that term is defined by Texas Finance Code §392.001 (6).

40. TEX. FIN. CODE § 392.304 (a)(8) prohibits misrepresenting the character, amount, or legal status of a consumer debt, or misrepresenting the consumer debt's status in a judicial proceeding. Defendant Resurgent violated this section by representing that Mr. Crair owed money to LVNV when he did not.

41. Violations of Texas Finance Code § 392.001 et seq. entitle Mr. Crair to recover actual damages and attorney fees.

**CAUSE OF ACTION NUMBER SIX: VIOLATIONS OF TEX. FIN. CODE § 392 et seq. by Capital**

42. Mr. Crair adopts and incorporates by reference each of the paragraphs as contained in the Facts and Background section above (Paragraphs 7 – 16) as if each stated fact therein had been fully reprinted here in support of this sixth cause of action.

43. Mr. Crair is a "consumer" as that term is defined by Texas Finance Code §392.001 (1).

44. Defendant Capital is a "debt collector" as that term is defined by Texas Finance Code §392.001 (6).

45. TEX. FIN. CODE § 392.304 (a)(8) prohibits misrepresenting the character, amount, or legal status of a consumer debt, or misrepresenting the consumer debt's status in a judicial proceeding. Defendant Capital violated this section by representing that Mr. Crair owed money to LVNV when he did not.

46. Violations of Texas Finance Code § 392.001 et seq. entitle Mr. Crair to recover actual damages and attorney fees.

### CAUSES OF ACTION NUMBER SEVEN, EIGHT AND NINE: VIOLATIONS OF TEX. BUS. & COM. CODE § 17.41 et seq.

47. In support of the seventh, eighth, and ninth causes of action Mr. Crair adopts and incorporates by reference each of the paragraphs as contained in the Facts and Background section above (Paragraphs 7 – 16) as if each stated fact therein had been fully reprinted herein.

48. Pursuant to TEX. FIN. CODE § 392.404, violations of TEX. FIN. CODE § 392 et. seq. are deceptive trade practices actionable under TEX. BUS. & COM. CODE § 17.41 et seq.

49. TEX. BUS. & COMM CODE § 17.50 (b) provides for the trebling of economic and mental anguish damages when Defendant's actions were committed knowingly.

50. For its knowing violations of TEX. FIN. CODE § 392 et. seq, Mr. Crair is entitled to recover treble damages from each Defendant.

51. The collection practices and/or actions of Defendants, as stated above, has resulted in a substantial amount of undue frustration, anxiety and mental anguish or distress by Mr. Crair, which is more than fleeting and inconsequential, and which is substantiated by the facts of this case alone, but is also manifested in the following ways, but not necessarily limited to:

   a. Anxiety.
   b. Shock of conscience.
   c. Harassment.

### Demand for Jury Trial

52. Pursuant to Federal Rules of Civil Procedure 38, Mr. Crair demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, it is the prayer of Plaintiff, Mr. Crair, that the Court will:

1. Find that Defendants violated the Texas Debt Collection Act;

2. Award damages and attorneys fees for Defendants' violation of the Texas Debt Collection Act;

3. Find that Defendants violated the Fair Debt Collection Practices Act;

4. Award actual damages, statutory damages and attorneys fees for violations of the Fair Debt Collection Practices Act;

5. Find that Defendants violated TEX. BUS. & COMM CODE § 17.41 et seq.;

6. Award treble damages for Defendants' violations of TEX. BUS. & COMM CODE § 17.41 et seq.; and

7. Grant any and all other relief in equity or in law to which Mr. Crair may be entitled.

Respectfully submitted,

_____
**CHARLES (CHUCK) NEWTON**
Texas Bar No. 14976250
Federal Bar No. 27900
**CHARLES NEWTON & ASSOCIATES**
190 N. Millport Circle
The Woodlands TX 77382
Phone (281) 681-1170, Ext. 3
Fax (281) 715-5755
Email chuck@chucknewton.net